# In the United States Court of Federal Claims

No. 21-1171
(Filed: April 14, 2021)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TRISHA SEVERSON, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

Pro Se Complaint, *Sua Sponte* Dismissal for Lack of Subject-Matter Jurisdiction; RCFC 12(h)(3).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Trisha Severson*, Piffard, NY, *pro se*.

*Ashley Akers*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant

## <u>ORDER AND OPINION</u>

**DIETZ, Judge**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). This Court clearly lacks jurisdiction over this *pro se* Plaintiff's claims against a local sheriff's office. Accordingly, the Court must dismiss the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff's incomplete application to proceed *in forma pauperis*, filed concurrently with the complaint, is denied.

## I.     BACKGROUND

In her complaint, Plaintiff Trisha Severson alleges that officers from the Livingston County Sheriff's Office conducted a warrantless seizure of her 9MM Ruger handgun. Compl. at 2, ECF. No 1. Ms. Severson now seeks the return of the "stolen chattel" and requests "$1,200.00 a day from December 4, 2020 to be paid upon return" totaling $146,000 at the time the complaint was filed. *Id.* at 3. Ms. Severson indicates that she unsuccessfully attempted to rectify the situation through local and state procedures before turning to this Court. *Id.* at 1.

## II.      DISCUSSION

### A.      Subject-Matter Jurisdiction

"Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although *pro se* plaintiffs are held to a "far less stringent standard," they must still meet the Court's jurisdictional requirements. *See Alston-Bullock v. United States*, 122 Fed. Cl. 38, 40 (2015); *see also Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

The Tucker Act limits this Court's jurisdiction to "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018) (emphasis added). "[I]f the relief sought is against others than the United States," then the suit must be dismissed for lack of jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see also Upshaw v. United States*, 755 Fed. App'x 980, 981-82 (Fed. Cir. 2018).

Upon a *sua sponte* review, the Court has determined that it lacks jurisdiction over Ms. Severson's complaint. According to the complaint, the alleged warrantless seizure of Ms. Severson's gun was perpetrated by a Livingston County Sheriff's officer, not the federal government. *See* Compl. at 2. Because Ms. Severson has not asserted a claim against the United States, her complaint must be dismissed for lack of jurisdiction.

### B.      Application to Proceed *In Forma Pauperis*

Ms. Severson's application to proceed *in forma pauperis*, which contains only her name and an instruction to "[b]ill individuals who caused the claim and/or counties of Livingston/Wyoming New York[,]" is denied for lack of information. *See* Pl.'s Mot. to Proceed *In Forma Pauperis*, ECF No. 2 [hereinafter IFP]. A court may waive filing fees and allow a plaintiff to proceed *in forma pauperis* if he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Whether to allow a plaintiff to proceed *in forma pauperis* is left to the discretion of the presiding judge, based on information submitted by the plaintiff. *Thompson v. United States*, 99 Fed. Cl. 21, 24 (2011). Ms. Severson's application provides none of the requested financial information, making it impossible to determine her ability to pay the filing fee. *See generally* IFP. Accordingly, her application is denied.

## III.      CONCLUSION

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3). Additionally, Plaintiff's application to proceed *in forma pauperis* is **DENIED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

                                      s/ Thompson M. Dietz_____
                                       THOMPSON M. DIETZ, Judge